IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, 1331 F Street NW, Suite 900, Washington, DC 20004, <br><br>         Plaintiff, <br> v. <br><br> U.S. DEPARTMENT OF THE INTERIOR OFFICE OF INSPECTOR GENERAL, 1849 C Street NW - Mail Stop 4428, Washington, DC 20240, <br><br>         Defendant. | Civil Action No. _____ |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1. Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, against Defendant U.S. Department of the Interior Office of Inspector General ("Interior OIG") seeking the unredacted version of the agency's report on the violent clearing of Lafayette Square by federal law enforcement officers on June 1, 2020.

2. CREW seeks declaratory relief that the Interior OIG is in violation of FOIA, and injunctive relief requiring the Interior OIG to immediately release the requested report in full.

### Jurisdiction and Venue

3. This Court has subject-matter jurisdiction and personal jurisdiction under 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i). The Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 2201(a), and 2202.

4. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

**Parties**

5. Plaintiff CREW is a non-profit, non-partisan organization organized under section 501(c)(3) of the Internal Revenue Code. CREW is committed to protecting the rights of citizens to be informed about the activities of government officials and agencies, and to ensuring the integrity of government officials and agencies. CREW seeks to empower citizens to have an influential voice in government decisions and in the government decision-making process through the dissemination of information about public officials and their actions. To advance its mission, CREW uses a combination of research, litigation, and advocacy. As part of those efforts, CREW uses government records it obtains under FOIA.

6. Defendant Interior OIG is an agency within the meaning of 5 U.S.C. § 552(f)(1). The Interior OIG has possession, custody, and control of the requested records.

**Factual Background**

7. On June 1, 2020, federal officers forcibly cleared a crowd of people nonviolently protesting police brutality at Lafayette Square in Washington, D.C., using rubber pellets, pepper balls, and other munitions. Tom Gjelten, Peaceful Protesters Tear-Gassed To Clear Way For Trump Church Photo-Op, *NPR*, June 1, 2020, https://n.pr/2WwzB3D.

8. Minutes later, former President Trump walked from the White House through Lafayette Square to St. John's Church, where he posed for a photograph holding a Bible. *Id.*

9. The violent clearing of protesters from Lafayette Square was widely condemned as excessive and a violation of First Amendment rights. Garrett Epps, Trump's Grotesque Violation of the First Amendment, *The Atlantic*, June 2, 2020, https://bit.ly/2WuFChP.

10. On June 8, 2021, the Interior OIG released a report entitled Special Review –

*Review of U.S. Park Police Actions at Lafayette Park*, Case No. OI-PI-20-0563-P, https://bit.ly/3DnL7iX.

11. The report does not claim to be a comprehensive account of the events of June 1, 2020; rather, the OIG "focused on the [U.S. Park Police's ("USPP")] conduct," and did "not seek to interview Attorney General William Barr, White House personnel, Federal Bureau of Prisons . . . officers, [D.C. Metropolitan Police Department] personnel, or Secret Service personnel regarding their independent decisions that did not involve the USPP." *Id.* at 2.

12. The public version of the Interior OIG's report leaves many questions about the clearing of Lafayette Square unanswered; it also raises new questions.

13. For instance, the public report redacts the identity of a government official who asked the USPP acting chief of police to "move up the timeline for clearing the park." *Id.* at 24. The OIG similarly redacted the name(s) of official(s) who made "repeated requests" of the USPP acting chief of police "on June 2 and 3 to again clear H Street and extend the security perimeter to I Street." *Id.* at 22.

14. The material redacted in the public version of the Interior OIG's report does not appear to fit any FOIA exemption and includes details about the Lafayette Square incident that are of considerable public interest.

15. On June 11, 2021, CREW submitted a FOIA request to the Interior OIG seeking "the final, unredacted version of the Office of Inspector General's report entitled Special Review – *Review of U.S. Park Police Actions at Lafayette Park*, Case No. OI-PI-20-0563-P, issued on June 8, 2021."

16. CREW's request sought a fee waiver.

3

17. By letter dated June 11, 2021, the Interior OIG acknowledged receipt of CREW's request and assigned it tracking number OIG-2021-00173.

18. To date, CREW has received no further communications from the Interior OIG regarding its request.

### CREW'S CLAIM FOR RELIEF

### Interior OIG's Wrongful Withholding of Records Responsive to CREW's FOIA Request

19. CREW repeats and re-alleges the preceding paragraphs.

20. In its June 11, 2021 FOIA request, CREW properly asked for records within the possession, custody, and control of the Interior OIG.

21. The Interior OIG is wrongfully withholding records responsive to CREW's request.

22. By failing to timely release all requested records in full to CREW, the Interior OIG is in violation of FOIA.

23. CREW has constructively exhausted its administrative remedies.

24. CREW is therefore entitled to injunctive and declaratory relief requiring immediate processing and disclosure of the requested records.

### Requested Relief

WHEREFORE, CREW respectfully requests that this Court:

1. Order the Interior OIG to immediately and fully process CREW's FOIA request and disclose all non-exempt records to CREW;

2. Issue a declaration that CREW is entitled to immediate processing and disclosure of the requested records;

3. Provide for expeditious proceedings in this action;

4. Retain jurisdiction of this action to ensure no agency records are wrongfully withheld;

5. Award CREW its costs and reasonable attorneys' fees in this action; and

6. Grant such other relief as the Court may deem just and proper.

Date: August 30, 2021

Respectfully Submitted,

*/s/ Nikhel S. Sus*
Nikhel S. Sus
(D.C. Bar No. 1017937)
CITIZENS FOR RESPONSIBILITY AND
ETHICS IN WASHINGTON
1331 F St. NW, Suite 900
Washington, DC 20004
Telephone: (202) 408-5565
Fax: (202) 588-5020
nsus@citizensforethics.org